**SCHEDULING ORDER**
September 22, 2009

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  09-cr-00164** |
| **versus** | **JUDGE HICKS** |
| **MALCOLM GILLIS (01)** | |
| **TRENT D. IVORY (05)** | |
| **TRENT H. SAMPSON (06)** | |
| **JOHNNY RAY HARPER (07)** | |
| **MARCUS D. SNEED (09)** | **MAGISTRATE JUDGE HORNSBY** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

A Status Conference was held before Magistrate Judge Hornsby on September 9, 2009. Present for the Government was Jim Cowles.  Present for Defendants were Kenota Pulliam (01), John Bokenfohr (07), and Michael Vergis (09).  Attorney Carlos Prudhomme (06) participated by telephone, and Attorney Allyn Stroud (05) waived his appearance due to illness. Counsel for Defendants made an oral motion to continue the trial of this case beyond the seventy days allowed by the Speedy Trial Act and to set the case for trial as set forth below in this Scheduling Order.   Given the complexity of the discovery in this case, the nature of the pending charges, and Defendants' need for additional time to file motions, the court finds that this additional time is reasonable and necessary for effective preparation by counsel for Defendants and the Government, taking into account the exercise of due diligence.  The court finds that the ends of justice served by granting this continuance outweigh the public's and Defendants' rights in a speedy trial.  Accordingly;

**SCHEDULING ORDER**
September 22, 2009

A **pretrial conference** will be held in the chambers of **Judge Hicks** on **November 19, 2009** at **1:30 p.m.** Attendance by trial counsel is required. **TRIAL** is **SET** before Judge Hicks during the term commencing **December 7, 2009 at 9:00 a.m.**

The **plea deadline** is **November 12, 2009**. If a written plea agreement signed by defendants and all counsel is not filed with the court (and a copy delivered to the trial judge's chambers) by the close of business on that date, no guilty plea will thereafter be accepted by the court except straight up to all counts.

Any request for subpoenas under Rule 17(b), by a defendant unable to pay, must be filed not less than 2 weeks before trial. Any motions for writ of habeas corpus ad testificandum, to produce witnesses who are currently incarcerated, must be filed at least 3 weeks before trial and must describe specifically why the testimony is necessary for an adequate defense. Late requests or motions may result in imposition of costs upon counsel personally.

Counsel for Defendants stated they are satisfied with the Government's response to discovery and, therefore, Defendants' discovery motions (Docs. 59, 60, 61, 62, 63, 64, 90, 91, 92, 93, 94, 98, 103, 107, 108, 113, 114, 115, 116, 117, 118) are **denied as moot**. Defendants may reurge any request for Jencks Act material at the pretrial conference.

**SCHEDULING ORDER**
September 22, 2009

The defendants will be allowed until **September 30, 2009** to file any additional motions, including motions to compel. If any such motions are deemed to require an evidentiary hearing, counsel should so advise the court by letter when the motion is filed.

For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, whether any unusual or non-pattern jury charges are needed, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing are, but are not limited to:

1. Extrinsic evidence questions under Beechum;
2. Voluntariness of statements under 18 U.S.C. §3501;
3. Admissibility questions, whether or not an evidentiary hearing would be required; or
4. Any other issue resolvable by a pretrial hearing.

The list of foreseeable issues should be filed by the close of business on **November 12, 2009**.

**SCHEDULING ORDER**
September 22, 2009

The following topics will also be discussed at the pretrial conference:

1. Estimated time required by each side to put on its case;

2. Marking of documents for identification;

3. Waivers of foundation of documents where possible;

4. Exchange of curriculum vitae of expert witnesses and/or stipulation of expert qualifications;

5. Pending discovery problems;

6. Consideration of making Jencks Act material available to the defendant prior to the testimony of all witnesses;

7. Jury instruction/voir dire problems; and

8. Any other relevant matter necessary for the smooth progress of the trial.

All counsel are requested to furnish this court with suggested voir dire questions in addition to those regularly asked by the court. Counsel should also submit a set of requested jury instructions only if they differ from the Fifth Circuit Pattern Jury Instructions (West Publishing Co.). Pattern instructions requested by the parties should be referenced only by their numbers. Each non-pattern instruction will be accompanied by a brief stating the statutory and/or jurisprudential authority for the instruction. Fifth Circuit authority is preferable. A simple case citation will not be sufficient. This information should be presented to the court by close of business on **November 12, 2009.**

**SCHEDULING ORDER**
September 22, 2009

A **paper** courtesy copy of all material required by this Minute Entry should be submitted directly to chambers in order to facilitate prompt attention to all matters.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

**00:30**